United States District Court
Southern District of Texas
**ENTERED**
September 06, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAVIER ATILANO, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-01820 |
| § | |
| JOSHUA PENTZ, *et al.*, § | |
| § | |
| Defendants. § | |

### MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

Before the Court is the defendant's, MYR Equipment, LLC ("MYR"), motion for summary judgment (Dkt. No. 13) on the plaintiff's, Javier Atilano, claims against MYR based on vicarious liability, negligent entrustment, negligent hiring, entrustment, and supervision and retention. The plaintiff has failed to respond[1] to MYR's motion; hence the Court takes the view that MYR's facts asserted concerning these claims are meritorious and, therefore the motion should be **GRANTED.**

**II.  ANALYSIS & DISCUSSION**

The plaintiff filed suit against MYR and its employee, Joshua Pentz. In this lawsuit, the plaintiff asserts, among other claims, the vicarious liability claims henceforth set out. MYR's motion for summary judgment is directed only at the plaintiff's vicarious liability claims. The plaintiff has failed to respond and the attachments to MYR's motion for summary judgment that refute his vicarious liability claims.

---

[1] Although the Court stated that it would take up MYR's motion for summary judgment at the pretrial conference, that statement did not excuse the plaintiff's time to respond. Finding no response the Court chose to proceed.

A summary judgment motion should be granted when the pleadings, motion and any response establish that no genuine issue of material fact exists upon which a plaintiff may recover. *See* FED. R. CIV. PRO. 56(a). Here, the plaintiff's unsubstantiated assertions are unsupported and, therefore, are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.,* 476 F.3d 337, 343 (5th Cir. 2007).

The plaintiff has been given an opportunity to raise a genuine fact issue upon which a reasonable juror might find for the plaintiff, but he has failed to do so. Therefore, summary judgment shall be granted. *See Miss. River Basin All. V. Westphal,* 230 F.3d 170, 175 (5th Cir. 2000).

### III.   CONCLUSION

It is ORDERED that MYR's motion for summary judgment should be and, it is hereby **GRANTED** only as to the plaintiff's vicarious liability claims.

It is so **ORDERED**.

SIGNED on September 5, 2024, at Houston, Texas.

_____
Kenneth M. Hoyt
United States District Judge